# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

OPERATION ENGINEERS LOCAL )
101 PENSION FUND, et al., )
                          )
         Plaintiffs,      )
                          )
                          )
vs.                       )     Case No. 13-2050-JAR-DJW
                          )
AL MUELBERGER CONCRETE    )
CONSTRUCTION, INC., et al., )
                          )
         Defendants.      )
                          )

## MEMORANDUM AND ORDER

This is a case alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") against Defendants Al Muehlberger Concrete Co. LLC ("the LLC"), Al Muehlberger Concrete Construction, Inc., Alphonse Muehlberger, and Daniel Muehlberger. The Clerk entered default against Defendant Al Muehlberger Concrete Co. LLC on April 26, 2013, after he failed to appear or defend within 21 days of receiving notice of the Complaint. This case is before the Court on Daniel Muehlberger's Motion to Set Aside Clerk's Entry of Default (Doc. 28), and Al Muehlberger Concrete Co. LLC's Motion to Set Aside Clerk's Entry of Default, or in the Alternative, Motion for Leave to File Amended Motion to Set Aside Clerk's Entry of Default (Doc. 48). These motions are fully briefed and the Court is prepared to rule. As discussed more fully below, the Court grants Defendants' motions to set aside default.

**I.     Background**

The Original Complaint in this matter was filed on January 30, 2013. On March 15,

2013, Plaintiffs filed applications of default against Defendants Daniel Muehlberger and Al Muehlberger Concrete Construction, Inc. The Clerk entered default against these two parties on March 17, but on April 5, 2013, this Court entered a text entry order granting the joint motions by the parties to set aside default. The Order states that "Defendants shall have 21 days from the date of this Order to file their responsive pleadings."[1]

On April 26, 2013, the Clerk entered default against the LLC upon application by Plaintiffs, which showed that the LLC had been served with the Complaint on April 2, 2013, and had not appeared or filed an Answer within the 21-day deadline set forth in Fed. R. Civ. P. 12(a). Three days later, Daniel Muehlberger filed a pro se motion to set aside the default, as well as an Answer to the Complaint, with the assistance of attorney Norman Beal. This filing triggered a Notice and Order to Show Cause, issued by Judge Waxse, why these documents should not be stricken for failure to be filed by a licensed attorney on behalf of the LLC.[2] The next day, May 16, 2013, Plaintiffs filed an Amended Complaint, again naming the LLC and adding an alternative claim against it. On May 17, 2013, new counsel entered their appearances on behalf of both the LLC and Daniel Muehlberger. Judge Waxse entered an Order after Beal and new counsel filed responses, finding that the Answer and Motion to Set Aside Default need not be stricken from the record, as they were filed by an attorney.

The LLC filed an Answer to the Amended Complaint on May 29, 2013, and on May 30, filed another Motion to Set Aside Clerk's Entry of Default, or in the Alternative, Motion for Leave to File Amended Motion to Set Aside Clerk's Entry of Default. Plaintiffs responded and

---

[1] Doc. 18.

[2] Doc. 32.

2

oppose the motion, arguing that no good cause exists to set aside the default. Plaintiffs alternatively ask the Court to award them attorneys' fees and costs associated with litigating the default if the Court grants the LLC relief.

## II. Standard

Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[3] The Court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[4] The Tenth Circuit has counseled that

> default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.[5]

The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[6] The good cause standard in Rule 55(c) is a lesser standard than the excusable neglect standard that applies to a motion for relief from judgment under Rule

---

[3]*See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[4]*Id.*

[5]*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

[6]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

3

60(b).[7]

## III. Discussion

The Court finds that the April 26, 2013 entry of default against the LLC should be set aside. It is clear that Defendant did not willfully fail to respond to the Original Complaint. It appears that the Court created some confusion in setting aside the co-defendants' entry of default when it set a 21-day deadline from the date of that order for "Defendants" to file a responsive pleading. The LLC represents that it relied on this deadline, believing it applied to all Defendants, and that it filed its Answer by this deadline.

Plaintiffs urge that they suffered prejudice from litigating the default. But Defendant's initial motion to set aside was filed three days after the entry of default. Aside from the bare recitals in its motion for entry of default, Plaintiffs' only other filing surrounding the default is its response in opposition to the motions to set aside. Given the minimal showing of prejudice here, the Court declines Plaintiffs' invitation to award fees and costs associated with filing this response brief.[8] Moreover, an Amended Complaint was filed in this matter after the entry of default, re-asserting and adding claims against the LLC. It was served on the LLC through CM/ECF, and by mail and the LLC filed its Answer within 21 days of service of the Amended Complaint. While neither party addresses this issue, the filing of the Amended Complaint detracts from any prejudice associated with the LLC's three-day delay in answering the Original Complaint.

Plaintiffs do not dispute that the LLC presents a meritorious defense.

---

[7]*Id.*

[8]*See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) (explaining that an award of fees and costs associated with vacating an entry of default is used to mitigate prejudice).

4

**IT IS THEREFORE ORDERED BY THE COURT** that Daniel Muehlberger's Motion to Set Aside Clerk's Entry of Default (Doc. 28), and Al Muehlberger Concrete Co. LLC's Motion to Set Aside Clerk's Entry of Default, or in the Alternative, Motion for Leave to File Amended Motion to Set Aside Clerk's Entry of Default (Doc. 48) are **granted**. The Clerk's Entry of Default of April 26, 2013 (Doc. 26) is hereby **vacated**.

Dated: September 20, 2013

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE