# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 101 PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AL MUEHLBERGER CONCRETE CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 13-2050-JAR-DJW |

## MEMORANDUM AND ORDER

This is a case alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") against Defendants Al Muehlberger Concrete Co. LLC ("the LLC"); Al Muehlberger Concrete Construction, Inc., a Kansas entity; Al Muehlberger Concrete Construction, Inc., a Missouri entity; Alphonse Muehlberger; and Daniel Muehlberger. Before the Court are Defendant Al Muehlberger Concrete Construction, Inc.'s Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (Doc. 22); Defendant Alphonse W. Muehlberger's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (Doc. 29), and Defendants Al Muehlberger Concrete Construction, Inc. and Alphonse W. Muehlberger's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Doc. 46). These motions are fully briefed and the Court is prepared to rule. As discussed more fully below, the Court finds that the two motions to dismiss the Original Complaint are moot, and denies Defendants' motion to dismiss the Amended Complaint.

## I. Matters Outside the Pleadings

The Amended Complaint was filed after the two motions to dismiss the Original Complaint; the Amended Complaint is now the operative pleading in this case. Plaintiffs contend that the original motions to dismiss are now moot in light of the Amended Complaint, while Defendants ask that their arguments and authorities on the motions to dismiss the Original Complaint be incorporated by reference into their later motion. The Court declines to cross-reference all of the briefing on the earlier motions. The operative pleading now is the Amended Complaint and the Court will focus on whether that document passes muster under Fed. R. Civ. P. 12(b)(6). While the Court will look to the previously-filed motions with respect to specific cross-references and exhibits by the parties on the motion to dismiss the Amended Complaint, the motions to dismiss the Original Complaint are otherwise moot.

While Defendants in their recently-filed motion generally identify the same deficiencies as addressed in the earlier motions, the new motion differs in an important respect: it does not include an alternative motion for summary judgment. Defendants insist throughout their briefs on this new motion that the factual allegations in the Amended Complaint are insufficient, spending considerable time discussing the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), with no mention of the summary judgment standard.[1] In responding to the earlier motions, Plaintiffs filed a Rule 56(d) affidavit, contending that they are without the discovery essential to justify opposition to those motions to the extent they relied on matters outside the pleadings. Defendants never replied to these responses, and the Court therefore deems them moot. The Court considers the motion to dismiss the Amended Complaint under

---

[1] "This case presents the 'classic case' of a Plaintiff pleading 'mere labels and legal conclusions' as well as 'formulaic recitations' of the elements of a cause of action." Doc. 47 at 23.

Rule 12(b)(6) and not under Rule 56.

If the Court looks to matters outside the complaint in ruling on a motion to dismiss, it generally must convert the motion to a Rule 56 motion for summary judgment.[2] However, the Court may consider documents which are referred to in the complaint.[3] Here, the collective bargaining agreement is central to the claims asserted in the Amended Complaint, and is repeatedly referenced therein, so it is appropriate for the Court to consider the agreement to the extent it has been made part of the record. Plaintiffs present two exhibits, attached to their original response briefs, as evidence of the collective bargaining agreements that are central to their claims in this case.[4] It is appropriate for the Court to consider these without converting this motion to dismiss into a motion for summary judgment.[5]

The Court may also take judicial notice of certain facts without converting a motion to dismiss into one for summary judgment.[6] Under Fed. R. Evid. 201, the Court may take judicial notice at any time of the proceeding of a fact "that is not subject to reasonable dispute because it[] an be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[7] Judicially noticed documents "may only be considered to show their contents, not

---

[2] Fed. R. Civ. P. 12(d).

[3] *See Alvardo v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[4] Doc. 35, Exs. B, C.

[5] Defendants argue that Exhibit C is not a valid collective bargaining agreement because it lacks a signature page. The Court considers this argument on the merits, as it goes to the weight of the evidence, rather than whether the Court may consider it on a motion to dismiss.

[6] *See, e.g.*, *Tal v. Hogan*, 453 1244, 1265 n.24 (10th Cir. 2006); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

[7] Fed. R. Evid. 201(b)(2).

to prove the truth of matters asserted therein."[8] Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.[9] The decision to take judicial notice of a fact is within the Court's discretion.[10]

Defendants ask the Court to take judicial notice of screen shots of certain incorporation records on the Kansas and Missouri secretaries of state websites. Public documents filed with the Secretary of State "generally satisfy the judicial notice standard and district courts routinely take judicial notice of such documents in resolving motions to dismiss."[11] Plaintiffs object, arguing that these documents are not reliable. The Court agrees. While certified copies of public records would be acceptable documents for purposes of judicial notice,[12] these web printouts are not certified copies of the official documents. In fact, each of the Kansas Secretary of State documents contain a conspicuous disclaimer that advises it "is not an official filing with the Secretary of State's office and should not be relied on as such." While the Missouri document appears to be a copy of an actual document, it does not appear to be a certified copy. Counsel for Defendants provide no other authenticating information for these documents. The Court therefore declines to exercise its discretion and take judicial notice of these documents. The Court will confine its analysis to the sufficiency of the Amended Complaint, along with the documents explicitly incorporated by reference into the Amended Complaint.

---

[8]*Tal*, 453 F.3d at 1264 n.24 (citation and quotation marks omitted).

[9]Fed. R. Evid. 201(c).

[10]*JP Morgan Trust Co. Nat'l Assn. v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006).

[11]*Id.* (citing *Klein v. Zavaras*, 80 F.3d 432 n.5 (10th Cir. 1996)).

[12]*Id.* (taking judicial notice of such documents after noting that they were certified copies of public records and thus self-authenticating under Fed. R. Evid. 902(4)).

## II. Standard under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim.[13] In so doing, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[14] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[15] but it requires more than "a sheer possibility."[16]

The plausibility standard enunciated in *Bell Atlantic v. Twombly*,[17] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[18] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[19]

The Supreme Court has explained the analysis as a two-step process. For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

---

[13]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

[14]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15]*Id.* at 545.

[16]*Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17]*Twombly*, 550 U.S. 544 (2007).

[18]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[19]*Id.* (citing *Twombly*, 550 U.S. at 556).

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[20] Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[21] Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]

### III.  The Amended Complaint

Plaintiffs consist of several pension funds that qualify as "employee benefit plans" under ERISA, the co-Chairman of the pension funds who is also a plan fiduciary, and a union that is a "labor organization representing employees in an industry affecting commerce," as defined by the LMRA. Plaintiffs generally allege that all of the named Defendants are liable under ERISA and the LMRA because they operated under a written collective bargaining agreement. The motions to dismiss concern whether the proper parties are named as Defendants in this matter. The Amended Complaint alleges alternative claims against two corporate entities: Al Muehlberger Concrete Construction, Inc., an entity registered in Kansas ("AMCC Kansas"), and Al Muehlberger Concrete Construction, Inc., an entity registered in Missouri ("AMCC Missouri"). It alleges that the LLC is liable under either successor or alter ego liability. It

---

[20]*Iqbal*, 556 U.S. at 678.

[21]*Id.* at 679.

[22]*Id.*

[23]*Id.* at 678.

alleges further that the individual defendants, Alphonse and Daniel Muehlberger, own and/or control the business entities that have been sued, and are thus liable as alter egos of those entities.

According to the Amended Complaint, either AMCC Kansas or AMCC Missouri signed collective bargaining agreements with the Union that govern the terms and conditions of employment of all employees of AMCC performing work covered by those agreements, and that the agreements have been in effect at all times material to this action. Defendants breached the collective bargaining agreements and violated ERISA in several ways, starting as early as November 2008. These breaches trigger the liquidated damages, accrued interest, and attorneys' fees remedies set forth in the collective bargaining agreements.

Counts I-IV allege ERISA and LMRA violations against AMCC Kansas, the LLC, and the individual defendants, premised on breaches of the collective bargaining agreements. Count II alleges the LLC is an alter ego of AMCC Kansas and/or a successor in interest. Count III alleges that the individual defendants are alter egos of AMCC Kansas. Count IV is a claim for breach of the collective bargaining agreements against AMCC Kansas, the LLC, and the individual defendants. Counts V-VIII allege ERISA and LMRA violations premised on breaches of the collective bargaining agreements against AMCC Missouri, the LLC, and the individual defendants as alternative claims to Counts I-IV. Count IX alleges that AMCC Kansas and Missouri are alter egos of one another.

**IV.     Discussion**

Defendants AMCC Kansas and Alphonse Muehlberger ("Muehlberger") seek dismissal of the claims asserted against them in the Amended Complaint. AMCC Kansas argues that

Count I and IX should be dismissed because it was not a party to the collective bargaining agreement. Muehlberger argues that Counts III and VII should be dismissed because the Amended Complaint does not sufficiently allege that he is an alter ego of AMCC Kansas or the LLC, nor that piercing the corporate veil is appropriate under the circumstances.

### A. AMCC Kansas (Counts I and IX)

Defendants argue that Count I must be dismissed because there is no contract between the parties. But despite their recitation of the standard the Court is to apply on a motion to dismiss, Defendants do not merely argue that allegations in the Amended Complaint fail to state a claim upon which relief may be granted. Instead, they argue that AMCC Kansas was not formed until 1990, six years after the collective bargaining agreement's 1984 signature page was executed, a fact that relies on matters outside the pleadings. Plaintiffs respond that there are two collective bargaining agreements at issue and that the second one was signed in 2009, pointing to Exhibit C. Exhibit C does not include a signature page.

As already discussed at length, the Court evaluates Defendants' motion under Rule 12(b)(6) and not under the more exacting summary judgment standard. The Amended Complaint alleges that AMCC Kansas was a signatory to multiple collective bargaining agreements. The two exhibits at issue were attached to Plaintiffs' responses to the original motions to dismiss. Exhibit B includes a signature page signed by Daniel Muehlberger in 1984, yet the front page states that it expires on March 31, 1983. Exhibit C is purportedly a bargaining rights assignment; the exhibit only includes a list titled, " Bargaining Rights Assignments for The Builders' Association Operating Engineers Local #101," that includes "Al Muehlberger Concrete Const. Inc." with a date of January 6, 2009. While the Court considers this evidence, it

offers little insight into the signatory to the collective bargaining agreements. The first agreement was obviously signed in 1984 by Daniel Muehlberger, and the cover page is stamped with "Al Muehlberger Const. Co." and contains an address in Kansas City, Kansas. Given the discrepancy in dates, it is impossible to ascertain from this evidence which entity is a signatory to the collective bargaining agreement in force during the time in question. The 2009 document does not contain a signature page, so the Court is unable to tell the signatory from this document.

Furthermore, the Court does not consider the evidence submitted by Defendants about the date of formation for AMCC Kansas, nor the affidavit that submits AMCC Kansas is merely a shell corporation. That evidence is clearly outside the bounds of Rule 12 consideration. Assuming the allegations in the Amended Complaint are true, and viewing it along with Exhibits B and C in the light most favorable to Plaintiffs, the Court finds that Plaintiffs sufficiently allege that AMCC Kansas signed the collective bargaining agreements at issue in this case. While Plaintiffs' inability to produce a signature page along with Exhibit C may be dispositive to its claim on summary judgment or at trial, the Court can reasonably infer from the pleadings that one exists. As such, the Court must assume as true that the parties entered into a contract, forming the basis of Plaintiffs' claims for breach of contract and violation of ERISA and the LMRA. Plaintiffs assert an identical alternative claim against AMCC Missouri. Plaintiffs will eventually be required to elect one of these alternative claims—they may not recover against both entities. But it is entirely premature for the Court to force this election given the allegations set forth in the Amended Complaint. The motion to dismiss Count I of the Amended Complaint is denied.

In Count IX, Plaintiffs allege that it does not matter whether AMCC Kansas or AMCC

Missouri signed the collective bargaining agreements because each is an alter ego of the other. Defendants seek dismissal of this count, arguing that the factual allegations are insufficient to state a claim for relief under an alter ego theory. They claim that the Amended Complaint merely recites the generic factors the Court is to consider when determining alter ego liability, which is no more than a formulaic recitation of the elements of the claim.

In the context of federal labor disputes and ERISA actions, federal law determines whether a company or individual is responsible for the financial obligations of another company or individual.[24] Most circuits to address the issue apply "the labor law standard for piercing the corporate veil to collect ERISA benefit contributions from a second employer."[25] The labor law standard focuses on "the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement."[26] "A second employer who is found to be the alter ego of the first employer . . . is bound by an agreement between the union and the first employer."[27] To determine whether there is sufficient evidence to support an alter ego finding, the Tenth Circuit looks to the following factors:

> First it noted that an employer was more likely to be an alter ego if it made the change in business operation to deliberately get rid of the union, rather than for legitimate economic reasons. Second, it found an employer was more likely to be an alter ego if it continued with substantially the same employees as the first employer. Finally, it looked to the relationship between ownership and management of the companies, noting that closely related

---

[24]*NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993); *Carpenters Dist. Council of Kan. City Pension Fund v. JNL Const. Co.*, 595 F.3d 491, 495 (8th Cir. 2010).

[25]*Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron*, 96 F. Supp. 2d 1202, 1217 (D. Kan. 2000) (collecting cases).

[26]*Id.* (quotation omitted).

[27]*NLRB v. Tricor Prods., Inc.*, 636 F.2d 266, 269–70 (10th Cir. 1980).

factors were continuity of equipment and location, retention of accounts and customers, changes in the type and amount of work performed, and assumption of the predecessor's liabilities.[28]

The relevant allegations in the Amended Complaint are found in paragraphs 113 through 116:

> 113. Regardless of whether AMCC Inc. is signatory to the collective bargaining agreements (supra Paragraphs 17 through 63) or AMCC Inc. [2] is signatory to the collective bargaining agreements (supra Paragraphs 64 through 111), AMCC Inc. and AMCC Inc. [2][29] are both bound by the collective bargaining agreements because they are alter egos and/or the same employer in that both AMCC Inc. and AMCC Inc. [2] upon information and belief maintained a single identity in operation, made contribution payments, and/or otherwise honored the collective bargaining agreements, and shared common management, contact information (including addresses for mailing and principal places of business and phone numbers), owners, facilities, customers, suppliers, equipment, business purposes, supervisors and/or employees.
> 114. AMCC Inc. [2] is a disguised form of AMCC Inc. and has been established and/or operated as an artifice for the avoidance of the obligations imposed upon AMCC Inc. under its collective bargaining agreements with the Union.
> 115. [Alternative Pleading – In the alternative to Paragraph 114, Plaintiffs aver]: AMCC Inc. is a disguised form of AMCC Inc. [2] and has been established and/or operated as an artifice for the avoidance of the obligations imposed upon AMCC Inc. [2] under its collective bargaining agreements with the Union.
> 116. AMCC Inc. and AMCC Inc. [2] are alter egos under federal common law. The assets and personalities of each company are indistinct, and a unity of interest is maintained between each of them as they are employers of employees subject to the collective bargaining agreements with the Union, and also share or shared common management, and persons

---

[28]*Gendron*, 96 F. Supp. 2d at 1220 (discussing *Tricor*, 636 F.2d at 270).

[29]Plaintiffs' Amended Complaint references AMCC Inc. for the Kansas corporation and AMCC Inc. [2] for the Missouri corporation.

> with effective control (as an officer or involved consultant), contact information (including addresses for mailing and principal places of business (4512 Speaker Road and 2710 Merriam Drive, and phone numbers), owners, facilities, customers, suppliers, equipment, business purposes, supervisors and employees. AMCC Inc. and AMCC Inc. [2] also shared registered agents (in fact or constructively) who were management and maintained a single identity in previous lawsuits brought by the Plaintiffs, and there existed a domination of finances, policy and practices that they had no separate existence by virtue of being a self-admitted shell corporation and affiliated corporation that shared the foregoing and a single corporate consciousness.[30]

The Court finds that these allegations are sufficient under Rule 8(a) to allege a claim against AMCC Kansas based on alter ego liability. While the allegations certainly touch upon the relevant factors the Court must evaluate in determining whether the alter ego doctrine applies, they are not merely legal conclusions. For example, if the Court assumes as true that AMCC Kansas and AMCC Missouri shared owners, facilities, customers, equipment, and employees, these factual allegations would weigh in favor of an alter ego finding under the relevant factors. The Court will not impose a heavier burden on Plaintiffs to provide more detail than this. The Amended Complaint satisfies the notice pleading standard by notifying Defendants that they seek to hold AMCC Kansas liable based on either a direct or an alter ego theory of liability—alleging that the two AMCC corporations held themselves out interchangeably as the entity that signed the collective bargaining agreements at issue. Defendants' motion to dismiss Count IX is therefore denied.

### B.     Alphonse Muehlberger (Counts III and VII)

---

[30]Doc. 33.

Counts III and VII allege alternative claims against the individual defendants as alter egos of AMCC Kansas, AMCC Missouri, and /or AMCC, LLC. A two-part test applies in the Tenth Circuit under the federal common law for piercing the corporate veil with respect to shareholders and officers:

> "(i) was there such unity of interest and lack of respect given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct, and (ii) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations."[31]

Alphonse Muehlberger argues that the alter ego claims are not pled with sufficient particularity, and that he is not an officer, director or shareholder of AMCC, LLC, so he cannot be held liable as its alter ego.

In applying the first prong of the test for piercing the corporate veil, the Court considers "(1) the degree to which defendants have maintained corporate legal formalities, and (2) the degree to which defendants have commingled individual and corporate assets."[32] Factors to consider in considering the "separate corporate identity" prong are:

> (1) whether a corporation is operated as a separate entity; (2) commingling of funds and other assets; (3) failure to maintain adequate corporate records or minutes; (4) the nature of the corporation's ownership and control; (5) absence of corporate assets and undercapitalization; (6) use of a corporation as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of legal formalities and the failure to maintain an arms-length relationship among related entities; and (8) diversion of the corporation's funds or assets to noncorporate

---

[31]*Greater Kan. City Roofing*, 2 F.3d at 1052; *Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron*, 96 F. Supp. 2d 1202, 1217 (D. Kan. 2000).

[32]*Gendron*, 96 F. Supp. 2d at 1217 (citing *Greater Kan. City Roofing*, 2 F.3d at 1052).

uses.[33]

Under the second prong of the alter ego test, the Court is to "ask whether there is adequate justification to invoke the equitable power of the court. We require an element of unfairness, injustice, fraud, or other inequitable conduct as a prerequisite to piercing the corporate veil."[34]

Again, Defendants' emphatic claims that the Amended Complaint fails to state a claim turn on evidence that is not properly before the Court on a Rule 12(b)(6) motion. Defendants contend that the LLC is the only entity that was operational during the time period at issue in the Amended Complaint, and that because Muehlberger was not an officer of the LLC, he cannot be held liable under an alter ego theory. However, the time periods during which each of the business entities was operational is not apparent from the face of the Amended Complaint. Instead, the Court must accept as true Plaintiffs' allegations that one or more of these entities was operational during the relevant time period. Even if the Court assumes that Muehlberger was not an officer or shareholder of the LLC, the claims are also alleged in the alternative against the corporate entities.

The Amended Complaint alleges the following facts against the individual defendants under the first alter ego prong in Counts III and VII: (1) they failed to maintain an arms-length relationship between their individual status and corporate status; (2) they commingled individual funds with corporate funds by expending corporate and/or individual funds on behalf of a self-admitted shell corporation while simultaneously representing the shell corporation; (3) they have never operated or booked revenue and/or they unreasonably failed to pursue funds owed to the

---

[33]*United States v. Van Diviner*, 822 F.2d 960, 965 (10th Cir. 1987); *see Greater Kan. City Roofing*, 2 F.3d at 1052 (applying factors); *Gendron*, 96 F. Supp. 2d at 1217 (same).

[34]*Greater Kan. City Roofing*, 2 F.3d at 1052.

14

them by the corporations, including amounts owed in bankruptcy proceedings; (3) they participated in the creation of a self-admitted shell corporation that is undercapitalized; (4) they maintained the corporations as a single identity in previous litigation; (5) they used the same registered agent; and (6) they created, owned, effectively controlled, and /or managed multiple companies with the same name of "Al Muehlberger Concrete," which includes the first and last name of Defendant Alphonse Muehlberger. Assuming all of these facts are true, they are sufficient to establish the first prong of the alter ego test.

Likewise, the second prong is sufficiently alleged. Under the second prong, there must be evidence of "misuse of the corporate form."[35] Plaintiffs allege that the individual defendants have used the business entities as an artifice to avoid creditors such as Plaintiffs, and to avoid the union. Assuming this is true, it would suffice to establish the fraud, injustice or inequitable conduct necessary to pierce the corporate veil.

In sum, the Court finds that the Amended Complaint sets forth sufficient facts to pass muster under Rule 12(b)(6). While the Court is aware that the corporate form should be disregarded only in extreme situations, and that "the corporate veil should be pierced only reluctantly and cautiously,"[36] whether the alter ego doctrine can be applied to AMCC Kansas or to the individual defendants must be based on due consideration of the facts. At this point, the Court must deny the motion to dismiss on these issues.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Al Muehlberger Concrete Construction, Inc. and Alphonse W. Muehlberger's Motion to Dismiss Plaintiff's

---

[35]*Id.* at 1053.

[36]*Id.* at 1051.

Amended Complaint for Failure to State a Claim (Doc. 46) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Al Muehlberger Concrete Construction, Inc.'s Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (Doc. 22); and Defendant Alphonse W. Muehlberger's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (Doc. 29) are **moot**.

Dated: September 26, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE